[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

No. 10-14058
Non-Argument Calendar
_____

Agency No. A078-400-274

ZHONG CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 7, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Zhong Chen seeks review of the Board of Immigration Appeals ("BIA")

order denying as untimely his motion to reopen removal proceedings under

Immigration and Nationality Act ("INA") § 240(c)(7), 8 U.S.C. § 1229a(c)(7).

## I.

Chen, a native and citizen of People's Republic of China, entered the United

States without valid entry documents in July 2000.  On arrival he submitted a

sworn statement to the Immigration and Naturalization Service that he feared

returning to China because of his involvement in Falun Gong, which is illegal in

China.  He subsequently applied for asylum, withholding of removal under the

INA, and protection under the U.N. Convention Against Torture ("CAT").

Chen was placed in removal proceedings.  On February 27, 2001, he

appeared before an Immigration Judge ("IJ") and conceded that he was removable.

The IJ heard his application for relief and denied it, ordering him returned to

China.  The BIA affirmed the IJ's decision.

Seven years later, on January 14, 2010, Chen moved the BIA to reopen his

removal proceedings.  He had married a native and citizen of China (in the United

States), and two children had been born of the marriage.  He claimed that if

returned to China, he or his wife would be forcibly sterilized for violating China's

family planning laws.  He supplemented his motion with affidavits from friends

2

and family, country reports and articles. On August 12, 2010, the BIA denied his motion, concluding that Chen's evidence did not constitute "changed country conditions" in China—between his February 2001 removal hearing and the present—that would create an exception to the 90-day limitation on filing a motion to reopen. The BIA specifically considered Chen's documentary submissions and gave them no weight, finding that they were unauthenticated and incomplete and that it had already considered and rejected some of them.[1] Chen now petitions this court for review.

In his petition for review, Chen argues that the BIA failed to consider evidence purportedly showing enhanced enforcement of China's family planning policy in his home province, Fuijian Province, which established a material change in country conditions. Accordingly, the BIA should have granted his motion to reopen.

## II.

We review the denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Atty. Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Motions to reopen

---

[1] The BIA found that the evidence indicated that China uses administrative punishments to enforce its family-planning policy but did not establish that Chen would face an increased risk of sterilization; that Chen's relatives' statements were not corroborated and did not indicate China's policy where foreign-born children were involved; and that the evidence did not show that the policy is more stringently enforced in Chen's home province, Fijian Province.

are disfavored, especially in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Ali v. U.S. Atty. Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quotations omitted). Although the BIA is not required to discuss every piece of evidence presented, it is required to give reasoned consideration to all the evidence submitted by the petitioner. *See Tan v. U.S. Atty. Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006) (reviewing the denial of an application for withholding of removal).

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A) and (B); 8 U.S.C. § 1229a(c)(7)(A) and (B). Under 8 U.S.C. § 1229a(c)(7)(C)(I), a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. *Id.* § 240(c)(7)(C)(I); § 1229a(c)(7)(C)(I). The 90-day period for filing a motion to reopen is jurisdictional and mandatory. *ABDI v. U.S. Atty. Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005).

However, an exception to the time and number limit applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances

4

arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); INA § 240(c)(7)(C)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang*, 568 F.3d at 1256-57. A change in personal circumstances does not authorize the untimely filing of a motion to reopen. *See id.* at 1258 (noting that "[w]hile changed personal circumstances do not meet the standard for a petition to reopen," the petitioner had established changed country conditions, where China had recently increased enforcement of the one-child policy in the area where she was from).

III.

To decide Chen's petition, we need to analyze three cases—*Li v. U.S. Atty. Gen.*, 488 F.3d 1371 (11th Cir. 2007), *Jiang*, 568 F.3d 1252, and *Zhang v. U.S. Atty. Gen.*, 572 F.3d 1316 (11th Cir. 2009)—where we directed the BIA to reopen removal proceedings based on the submission of evidence demonstrating enhanced enforcement of China's family planning policies. In *Li*, the petitioner, a native of Lianjiang, Fuijian Province, and the mother of two American-born

5

children, provided, as a part of a motion to reopen, previously unavailable evidence that Fuijian officials had intensified their persecution of parents of two children between 2001 and 2006. 488 F.3d at 1372-73. In support of her motion, the petitioner submitted: (1) her own affidavit reporting second-hand accounts of forced sterilizations and abortions in Lianjiang in 2005; (2) her mother's affidavit reporting increased family planning enforcement in Lianjing and the forcible sterilization of three women after each gave birth to a second child; (3) country reports; and (4) a 2005 Congressional-Executive Commission on China ("CCEC") report and congressional testimony. *Id.* We determined that the other evidence corroborated the petitioner's anecdotal evidence of a change in policy in Fuijian Province. *Id.* at 1375. We also noted that the BIA erroneously determined, alternatively, that Li failed to establish a policy of persecuting women with two foreign-born children, as opposed to native children. *Id.* at 1376.

In *Jiang,* the petitioner similarly argued that, even though China's one-child family policy had been in effect for many years, she had recently learned through family and friends in Fuijian Province that forced sterilization was on the rise. 568 F.3d at 1254. We held that the BIA overlooked or inexplicably discounted (1) two affidavits Jiang provided in support of her petition, detailing forced sterilizations in her hometown; (2) country reports, which unambiguously

corroborated incidents of coerced sterilization; and (3) the 2005 CECC Report, which confirmed that officials in Fuijian Province used physical force to ensure compliance with the population control policies. *Id.* at 1258.

In *Zhang*, the petitioner, also a native and citizen of Fuijian Province, submitted: (1) her own affidavit stating that she had two children and that her mother was forcibly sterilized in China; (2) a document issued by her village stating that citizens with two children were subject to mandatory sterilization; (3) a directive from the Lianjiang County Guantou Township Committee stating that women who violated the policy would be fined, shall be inserted with an intrauterine device if not pregnant, or be forced to undergo an abortion if pregnant; and (4) a number of background documents about China's birth control policies. 572 F.3d at 1318, 1320. We concluded that the BIA had not given proper consideration to the petitioner's evidence because it failed to explain why it did not credit Zhang's affidavit and the village letter concerning forced sterilization in her hometown in light of the other record evidence. *Id.* at 1320.

We conclude, here, that the BIA failed to consider Chen's unauthenticated documents in light of other record evidence that demonstrated enforcement of China's family planning policy in Fuijian Province. The evidence as a whole satisfied the criteria for a successful motion to reopen based on changed country

conditions; thus, the BIA abused its discretion in denying Chen's motion to reopen as time-barred.   We accordingly grant the petition for review, vacate the BIA's order, and direct the BIA to reopen proceedings so that it may consider the merits of Chen's underlying claims.

PETITION GRANTED.